[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13363

_____

D.C. 1:13-cv-03661-ELR

MICHAEL ROPER,

Plaintiff-Appellant,

Versus

KAWASAKI HEAVY INDUSTRIES, LTD.,
KAWASAKI MOTORS CORP., U.S.A., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 21, 2016)

Before JORDAN and ANDERSON, Circuit Judges, and KALLON,* District
Judge.

_____

*Honorable Abdul K. Kallon, United States District Judge for the Northern District of Alabama,
sitting by designation.

PER CURIAM:

For the reasons fully explored at oral argument, for the reasons set out in the district court's comprehensive opinion, and for the reasons briefly outlined below, we conclude that the judgment of the district court should be affirmed. We agree with the district court that plaintiff failed to adduce sufficient evidence to create a genuine issue of fact that the defect in plaintiff's voltage regulator, or defendants' failure to warn of it, caused the underlying accident in which plaintiff was injured.

The district court did not abuse its discretion in excluding the proposed testimony of plaintiff's expert, Denham.  The proposed expert testimony of Denham was the primary evidence of causation relied upon by plaintiff.  He opined that the voltage regulator failed, allowing the battery to drain down, causing an engine stall, which in turn caused plaintiff to lose control of his motorcycle and crash. We agree with the district court that Denham's testimony was unreliable pursuant to the test set forth in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592 (1993).  We agree with the district court that Denham's differential analysis was unreliable because he failed to exclude causes (other than the voltage regulator) which the evidence showed reasonably could have caused the accident. "Although a reliable differential diagnosis need not rule out all possible alternative causes, it must at least consider other factors that could have been the sole cause of the plaintiff's injury."  Guinn v. AstraZeneca Pharm. LP, 602 F.3d 1245, 1253

2

(11th Cir. 2010). There was evidence of such other causes in this case, e.g., excessive speed, operator error. Denham's methodology failed to exclude these alternative possible causes and therefore cannot be relied upon to rule in the voltage regulator as the cause.

We also agree with the district court that Denham's differential analysis, and the opinion on causation he derived therefrom, was unreliable for an additional reason. In "ruling in" the voltage regulator as the probable cause of an engine stall, Denham failed to explain how his hypothesis that the voltage regulator caused an engine stall was consistent with certain significant facts. Thus, not only was Denham's opinion unreliable in failing to "rule out" other reasonable causes, it was also unreliable in "ruling in" the voltage regulator as the cause of the accident because it failed to account for data that did not fit Denham's hypothesis. Police photographs of the motorcycle, taken 70-90 minutes after the accident, demonstrated that the lights, including the instrument lights, were still on. Tests conducted by both Denham and defendants' experts established that, when the battery voltage is drained down, the instrument lights always shut off before the engine stalls. Therefore, because plaintiff's lights were still on 70-90 minutes after the accident, there was enough battery voltage even at that later time that low voltage could not have caused an engine stall. Furthermore, it is undisputed in the record that the battery in plaintiff's motorcycle at the time of the accident had to

3

have had a charge of at least 12 volts because the motorcycle would not have started otherwise.  Battery-rundown tests conducted by both Denham and defendants' experts established that a battery with a charge of 12 volts could not have run down (by the time this accident occurred[1]) to the low level required for low voltage to cause an engine stall.[2]

In light of Denham's failure to account for the foregoing extremely strong evidence that the voltage regulator in the instant case could not have caused the accident, and in the complete absence of any plausible way that the voltage regulator could have caused the accident in this case, the district court did not abuse its discretion in concluding that Denham's expert testimony, based as it was on a flawed application of differential analysis, was not reliable.  See Guinn, 602 F.3d. at 1255 (similarly concluding that expert "testimony was unreliable because her conclusions were not logically supported by the facts of this case").

---

[1]    The tests (and the fact that plaintiff's lights were still on 70-90 minutes after the accident) established that a battery with 12 volts charge will keep the lights on the motorcycle for nearly two hours.  This is true even in the absence of any charge coming from a voltage regulator, and we know that plaintiff's voltage regulator was still providing some charge when it was tested more than a year after the accident.  Thus, plaintiff's battery (with at least 12 volts of charge) could not have run down to the point of an engine stall (which always occurs after the lights shut off ) in the approximately fifteen minutes from the time plaintiff started his motorcycle and the accident occurred.

[2]    The tests established that engine stall occurred only when the battery charge fell below 7 volts; the lights always shut off before that – e.g., at 7.8 volts.

The district court also acted within its discretion in excluding the expert testimony of Nelson, proffered by plaintiff.  We agree with the district court that Nelson's proposed testimony was unreliable because, <u>inter alia</u>: He relied on Denham's testimony which itself was unreliable; his proposed opinion was not based on concrete data or testing; and he failed to explain how his experience led him to the conclusions he reached.

We conclude that the district court did not abuse its wide discretion in excluding the proposed expert testimony of Denham or Nelson. We have carefully considered the entire record.  We conclude that the evidence in this record is wholly insufficient to establish a genuine issue of fact that any defect in plaintiff's voltage regulator, or any related failure to warn, caused an engine stall which caused this accident. Accordingly, the judgment of the district court is

AFFIRMED.